**Henry CLARK, Plaintiff-Appellant,**

v.

**Alexander GREEN, Justice of Peace Precinct 7, Position 2, University of Houston Police Department, Defendants-Appellees.**

**No. 86–2671**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 13, 1987.

---

Henry Clark, pro se.

Suzanne Formby, James R. Gough, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Henry Clark, appearing pro se, appeals the district court's entry of judgment against him. Clark brought suit against Alexander Green, Justice of the Peace, and the University of Houston Police Department (the Police Department). The Police Department and Green moved the district court to strike the pleadings and impose sanctions under Rule 11 of the Federal Rules of Civil Procedure. The district court, considering the motion to strike as one for dismissal for failure to state a claim upon which relief can be granted, dismissed the action and imposed sanctions against Clark in the amount of $2,500. On appeal, Green and the Police Department request the imposition of further sanctions under Rule 38 of the Federal Rules of Appellate Procedure.

According to the district court, Clark alleged in his complaint that the Police Department violated his constitutional rights by issuing certain traffic tickets to Michael Wayne Butler, and that Green violated Clark's civil rights in some unidentified fashion. Our discussion of Clark's complaint is vague because the complaint itself is incomprehensible. Documents filed after the complaint do not enlighten us on the nature of Clark's claims. In the district court, he sought an injunction to prevent standardized testing in the Houston schools. In his equally unintelligible brief filed with this court, he appends pages of text and photographs from a book about David Stockman.

Our review of the complaint and Clark's singularly ineffective brief on appeal leads ineluctably to the conclusion that Clark has failed to state a claim on which relief may be granted. We are not able

even to identify the constitutional right claimed to be infringed. We therefore affirm the district court's dismissal of the complaint.

Nothing in Clark's "Appellant's Brief of Initial" wherein he sets out the "Question Present for Review" suggests that he also appeals the district court's imposition of Rule 11 sanctions against him. It is evident, however, that Clark's complaint was totally without merit and completely frivolous.

 Green and the Police Department request that we impose sanctions against Clark under the authority of Rule 38 of the Federal Rules of Appellate Procedure. Under Rule 38, sanctions are appropriate when a frivolous appeal is brought. A frivolous appeal is one in which "the claim advanced is unreasonable, or ... is not brought with a reasonably good faith belief that it is justified." *Stelly v. Commissioner of Internal Revenue*, 761 F.2d 1113, 1116 (5th Cir.1985). While we do not lightly impose sanctions at any time, we are particularly cautious when the appellant appears pro se. *Id.* Pro se litigants are not held to the standard of professionals, yet are not granted unrestrained license to pursue totally frivolous appeals. *Id.* Here Clark was alerted to the fact that his claim was frivolous by the district court's opinion, which carefully explained the basis of its dismissal of Clark's complaint and imposition of sanctions against him. Clark, however, did not heed this warning. Because we conclude that Clark's appeal is totally lacking in merit, we impose double costs and sanctions in the amount of $250 against Clark.

AFFIRMED.