UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20350
Summary Calendar

_____

ASHOK K. CHAUHAN; AMITA CHAUHAN;
ATUL CHAUHAN; ARUN CHAUHAN,

Plaintiffs-Appellants,

versus

FORMOSA PLASTICS CORPORATION, USA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3988)

_____

April 4, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

At issue in this *pro se* appeal by the four Chauhans is the dismissal of their complaint on the basis of *res judicata*. An action is barred by that doctrine if (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) that judgment was final on the merits; and (4) the cases involve the same cause of action. *E.g., Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 195 (5th Cir. 1994). "Cause of action" is defined to include all claims that were, *or could have been*, brought in a prior action

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on the same transaction.  *See **Nilsen v. City of Moss Point, Miss.**, 701 F.2d 556, 559-60 (5th Cir. 1983)(en banc).

This is the third action arising out of a debt owed by Appellant Ashok Chauhan's company, Kunstoplast of America, Inc. (KOA), to Formosa Plastics Corporation, USA.  Formosa sued in Texas state court in 1995, resulting in a default judgment against KOA for breach of contract (failure to pay for delivered goods).  Ashok Chauhan is a resident of India.  He and KOA moved for a new trial; one was granted Chauhan.  His counterclaims against Formosa included claims arising out of its collection efforts.  The state court held that Ashok Chauhan personally guaranteed KOA's debt and was, therefore, liable to Formosa for approximately $20 million. The judgment was upheld on appeal.

The four Chauhans (Ashok Chauhan and his son, wife, and brother) filed suit in federal court in 1996 against Formosa, asserting that its attempts to collect the state-court judgment in India resulted in defamation, abuse of process, and intentional infliction of emotional distress.  Ashok Chauhan's claims were dismissed based on *res judicata*; the claims of the other three Chauhans were dismissed for failure to state a claim and by summary judgment.

The current action arises from Ashok Chauhan's assertions that Formosa made fraudulent misrepresentations in the state-court proceedings and the Chauhans' claim of tortious conduct arising from Formosa's attempts to collect the state-court judgment in the United Kingdom.

The Chauhans maintain that the factual bases for the three lawsuits differ. *See* **Barr v. RTC**, 837 S.W.2d 627, 630-31 (Tex. 1992)(Texas analysis of *res judicata*); **Hogue v. Royse City, Tex.**, 939 F.2d 1249, 1252-53 (5th Cir. 1991)(Texas standard to be used to analyze *res judicata*). They contend also that factual misstatements by the magistrate judge, adopted by the district court, must negate the *res judicata* decision.

These claims are frivolous. The three actions arise from the same cause of action – the failure of KOA and Ashok Chauhan to pay a debt owed Formosa, its attempts to collect that debt, and the Chauhans' complaints arising from those attempts.

The Chauhans claim that, because the magistrate judge denied Formosa's request to take judicial notice of documents related to the state-court proceeding and the first federal action, he could *not* later take judicial notice of those proceedings and the district court could *not* adopt his recommendation. This contention is also frivolous. A court may take judicial notice at any time, including *sua sponte*. FED. R. EVID. 201(c), (e). Both proceedings were matters of public record, which may be considered in resolving a motion to dismiss. **Davis v. Bayless**, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

The Chauhans assert that the magistrate judge improperly made recommendations without conducting an oral hearing as required by 28 U.S.C. § 636(b)(1). This assertion is also frivolous; § 636(b) does *not* mandate a hearing.

Because the Chauhans have raised *no* arguably meritorious issues on appeal, this appeal is frivolous and is **DISMISSED**. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Formosa has moved for sanctions under FED. R. APP. P. 38. That Rule permits our awarding double costs and other just damages to an appellee if an appeal is frivolous. Sanctions are *not* lightly imposed, and this court is particularly cautious when, as here, the non-movant is *pro se.* **Clark v. Green**, 814 F.2d 221, 223 (5th Cir. 1987). On the other hand, *pro se* litigants are *not* granted "unrestrained license to pursue totally frivolous appeals". *Id.*

Sanctions are in order. But, given the extremely large debt owed Formosa, monetary sanctions will *not* be imposed. Instead, the Chauhans are barred from filing any *pro se* pleading or appeal here or in any court subject to our jurisdiction arising from the efforts of Formosa to satisfy the judgment in **Formosa Plastics Corp., USA v. Kunstoplast of America, Inc.**, No. 95-08981 (Tex., 127th Jud. Dist. Ct., 30 Nov. 1995), without advance written permission of a judge of the forum court.

*APPEAL DISMISSED; SANCTIONS IMPOSED*