UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 96-50004
Summary Calendar
_____


In the Matter of: ELWOOD CLUCK,

Debtor.


------------------------

KRISTINE A. CLUCK; FIRST CAPITAL
MORTGAGE COMPANY, INCORPORATED;
ELWOOD CLUCK,

Appellants,


VERSUS


RONALD URBANCZYK; OSHEROW & O'CONNOR;
RANDOLPH N. OSHEROW, Trustee; THOMAS WILLIAM
McKENZIE; RANDOLPH N. OSHEROW, Trustee, P.C.;
MICHAEL J. O'CONNOR; CECELIA S. OSHEROW; JAY B.
STEWART, Auctioneer; GEORGE WILLIAMS; LISA
STEWART; JAY B. STEWART,

Appellees.


_____

Appeal from the United States District Court
For the Western District of Texas

(SA-95-CV-428)
_____
September 5, 1996


Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

On December 26, 1995, Elwood Cluck, Kristine A. Cluck, and First Capital Mortgage Company, Inc. as appellants signed and filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from the final order and judgment of the United States District Court for the Western District of Texas, filed November 29, 1995. The district court judgment affirmed the order of the Bankruptcy Court for the Western District of Texas dated March 29, 1995, which dismissed appellants' original Petition No. 95-03-0078-CVW, Adversary No. 95-5043-REK. The appellants' brief filed in this appeal was signed only by Elwood Cluck; neither Kristine A. Cluck nor any attorney purporting to act for First Capital Mortgage Company, Inc. signed the brief. Local Rule 34.2 of this Court requires that all briefs be signed by each pro se party or by at least one attorney of record for each party. Since the appellants' brief in this appeal was not signed by Kristine A. Cluck nor by any attorney of record for Kristine A. Cluck or First Capital Mortgage Company, Inc., we deem the appeal of Kristine A. Cluck and First Capital Mortgage Company, Inc. to be abandoned for failure to file a brief and we, therefore, dismiss the appeal of Kristine A. Cluck and First Capital Mortgage Company, Inc.

We have carefully reviewed the brief of appellant Elwood

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Cluck, the brief of appellee, the record excerpts and relevant portions of the record itself. The only issue in this appeal is whether the bankruptcy court abused its discretion in dismissing the petition and adversary action of appellant. A dismissal of an adversary action is reviewable under an abuse of discretion standard. **First Colonial Corp. v. American Benefit Life Ins. Co.**, 544 F.2d 1291 (5th Cir. 1977), cert. denied 431 U.S. 904. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses. **In Re Bradley**, 960 F.2d 502, 506 (5th Cir. 1992), cert. denied, 507 U.S. 971 (1993). For the reasons stated by the district court in its separate order filed under date of November 29, 1995, we affirm the judgment of the district court which affirms the order of the bankruptcy court dismissing the adversary proceeding.

This appeal is one of 24 separate appeals which appellant Elwood Cluck has filed in this Court, all arising out of the same bankruptcy proceeding. This Court has previously warned Cluck that frivolous appeals could result in the imposition of sanctions. **Cluck v. Osherow**, Nos. 95-50611, 95-50613 and 95-50614 (5th Cir. June 7, 1995) (unpublished). In another appeal, this Court imposed sanctions in the amount of the appellee's costs and attorney's fees incurred during appeal. **Cluck v. Osherow**, No. 95-50797 (5th Cir.

3

June 21, 1996) (unpublished).  We find the instant appeal is frivolous.  The result is obvious and the arguments of error are wholly without merit.  **Coghlan v. Starkey**, 852 F.2d 806, 811 (5th Cir. 1988); see also **Clark v. Green**, 814 F.2d 221, 223 (5th Cir. 1987) (a frivolous appeal is one in which the claim advanced is unreasonable or is not brought with reasonably good faith belief that it is justified).  Given the prior sanction warning and the prior imposition of sanctions and Cluck's continued prosecution of this frivolous appeal, we now impose sanctions in DOUBLE the amount of the appellee's costs and attorney's fees incurred during this appeal.  Accordingly, the appellee is directed to submit to this court its application for costs and attorney's fees incurred during this appeal, together with supporting documents.  We direct the clerk to issue the mandate immediately and not accept any filing of a motion for rehearing from Cluck.  We further direct the clerk to amend the mandate as to the final certification of double costs and attorney's fees as set by the sanctions herein.  See Fed. R. App. P. 39(d) and 41.

Finally, Cluck is barred from filing any pro se civil appeal in this Court, or any pro se initial civil pleading in any court which is subject to this Court's jurisdiction, without the advance written permission of a judge of the forum court or of this Court; the clerk of this Court and the clerks of all federal district courts in this Circuit are directed to return to Cluck, unfiled,

4

any attempted submission inconsistent with this bar.

The judgment of the district court is **AFFIRMED**.  **SANCTIONS IMPOSED.**

5