United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41414
Summary Calendar

_____

WILLIAM DONICE MARTINDALE, Etc.; ET AL.,

                                    Plaintiffs,

versus

SOUTHWESTERN LIFE INSURANCE CO.; ET AL.,

                                    Defendants,

SOUTHWESTERN LIFE INSURANCE CO.,

                                    Defendant-Appellee,

versus

EDWARD BROOKS,

                                    Claimant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-687
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     After the district court entered an order in November 2002

approving a settlement in a class action against Southwestern Life

Insurance Company ("Southwestern"), Edward Brooks, appearing pro

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

se, filed an untimely notice of appeal and several motions challenging the judgment. We dismissed the appeal for lack of jurisdiction. The district court then dismissed the post-judgment motions as untimely and without merit by order entered March 23, 2004. On April 12, 2004, Brooks filed a motion to alter or amend the judgment. On August 31, 2004, the district court entered an order that denied all pending motions.

On October 13, 2004, Brooks deposited in the prison mail system a notice of appeal as to both the March 23, 2004, order and the August 31, 2004, order. Brooks's notice of appeal is untimely as it was not filed within 30 days of the entry of either order that Brooks seeks to appeal. See FED. R. APP. P. 4(a)(1)(A). Accordingly, we lack jurisdiction to entertain Brooks's appeal. See Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). Brooks's contention that the time to file began when he received the August 31 order rather than the date the order was entered is without merit. See FED. R. APP. P. 4(a)(1)(A); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993).

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction. We note that this is the second time Brooks has filed a facially untimely notice of appeal seeking to challenge the settlement. Accordingly, we CAUTION Brooks that the filing or prosecution of frivolous appeals will subject him to sanctions. See FED. R. APP. P. 38; Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

APPEAL DISMISSED; SANCTION WARNING ISSUED.