United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50676
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK DARNELL WATSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:95-CR-112-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Roderick Darnell Watson has filed an application for leave to proceed in forma pauperis (IFP) on appeal following the denial of his motion to compel the Government to file a FED. R. CRIM. P. 35 motion. The district court denied Watson leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Watson is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

24(a)(5). However, Watson has not demonstrated a nonfrivolous issue for appeal.

Watson argues that the Government breached the plea agreement in which it promised to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Watson's substantial assistance. Watson argues that he has provided substantial assistance which helped the Government prosecute and obtain convictions of several drug dealers.

As the law has no provision for a motion such as Watson's, this appeal is "from the denial of a meaningless, unauthorized motion." See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Watson has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). Accordingly, the motion for leave to proceed IFP on appeal is denied and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Watson is warned that the filing or prosecution of frivolous motions or appeals in the future will subject him to sanctions. See FED. R. APP. P. 38; Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.