United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10695
Conference Calendar

FRANCIS TEJANI KUNDRA,

                              Plaintiff-Appellant,

versus

DERST K. AUSTIN; UNNAMED DALLAS POLICE OFFICER,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-728
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francis Tejani Kundra, immigration detainee # A20661647, moves for leave to proceed in forma pauperis (IFP) on appeal and has filed a brief in support of his appeal. Kundra seeks to challenge the district court's dismissal of his 42 U.S.C. § 1983 claim against Derst K. Austin as frivolous. The district court also denied Kundra's motion for leave to proceed IFP and certified that an appeal would not be taken in good faith.

Kundra's IFP motion is construed as a challenge to the district court's certification. See Baugh v. Taylor, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997). Kundra does not challenge the district court's determination that Austin was not a state actor and, therefore, that issue is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Nor did the district court err in determining that Kundra may not bring an action against Austin pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as a Bivens action requires that the defendant be a federal officer acting under color of federal law. See Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980).

For the first time on appeal, Kundra seeks permission to name Cynthia Figueroa Calhoun as a defendant and to raise a claim against her for her failure to file his state habeas application. Kundra may not raise a claim for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Kundra has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). Accordingly, the motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Kundra is warned that the filing or prosecution of frivolous appeals in the future may result in the imposition of sanctions.

See <u>Woodson v. Surgitek, Inc.</u>, 57 F.3d 1406, 1417 (5th Cir. 1995); <u>Clark v. Green</u>, 814 F.2d 221, 223 (5th Cir. 1987).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.