**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

Lyle W. Cayce
Clerk

No. 11-60350
Summary Calendar

CHUKWUMA E. AZUBUKO,

Plaintiff-Appellant

v.

ROXBURY CHARTER HIGH SCHOOL FOR BUSINESS, FINANCE, AND ENTREPRENEURSHIP,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-1022

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Chukwuma E. Azubuko moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the denial of his motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. The Rule 60(b) motion challenged the dismissal of his civil rights lawsuit in 2005. Azubuko also filed a motion under Federal Rule of Civil Procedure 59(e) challenging the denial of Rule 60(b) relief. *See* FED. R. CIV. P. 59(e) (setting 28-day filing period); *Tex. A&M Research*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60350

*Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (holding that post-judgment motions filed within the then-applicable 10-day filing period for Rule 59(e) motions must be construed as filed pursuant to Rule 59(e)).

The district court ordered Azubuko to pay the appellate filing fee or file a motion for leave to appeal IFP, but Azubuko did not do so.  *See* FED. R. APP. P. 24(a)(1) (providing that a party like Azubuko, who wishes to proceed IFP on appeal, must first file an IFP motion in the district court).  Azubuko's brief fails to address the merits of the district court's denial of his Rule 60(b) and Rule 59(e) motions, and he has thus abandoned the only possible issues for appeal. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (holding that although this court liberally construes pro se briefs, arguments not briefed by pro se appellants are "effectively abandoned"); *In re Ta Chi Navigation (Pan.) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984) (holding that an appeal from the denial of a Rule 60(b) motion does not bring up the underlying judgment for review). We dismiss the appeal as frivolous.  *See* 5TH CIR. R. 42.2.

Pro se litigants do not have "unrestrained license to pursue totally frivolous appeals."  *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).  We caution Azubuko that future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.