# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

No. 11-30842
Summary Calendar

Lyle W. Cayce
Clerk

CHUKUMA E. AZUBUKO,

Plaintiff-Appellant

v.

CATHERINE H. GALLAGHER CO-OPERATIVE HOUSING, C/O Hallkeen
Management Company; CITY OF BOSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-838

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Chukwuma E. Azubuko seeks leave to proceed in forma pauperis (IFP) in his appeal of the denial of his motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* FED. R. CIV. P. 59(e) (setting 28-day filing period); *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (holding that post-judgment motions filed within the then-applicable 10-day filing period for Rule 59(e) motions must be construed as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed pursuant to Rule 59(e)). Azubuko's Rule 59(e) motion challenged the denial of his motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. The Rule 60(b) motion, in turn, challenged a 2005 order in the Middle District of Louisiana that transferred this pro se 42 U.S.C. § 1983 civil rights lawsuit to the District of Massachusetts. The district court in Massachusetts promptly dismissed the case with prejudice as frivolous. *Azubuko v. Catherine H. Gallagher Coop. Hous.*, No. 1:05-CV-10068 (D. Mass. Feb. 17, 2005) (memorandum order).

Azubuko's appeal of the district court's denial of his Rule 59(e) motion can bring up for review both the Rule 59(e) ruling and the underlying judgment—in this case, the denial of Rule 60(b) relief. *See Foman v. Davis*, 371 U.S. 178, 179-81 (1962). However, the transfer order underlying the denial of the Rule 60(b) motion is not before us. *See In re Ta Chi Navigation (Pan.) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984) (holding that an appeal from the denial of a Rule 60(b) motion does not bring up the underlying judgment for review).

By moving to appeal IFP, Azubuko challenges the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "The existence of any nonfrivolous issue on appeal is sufficient to require that this Court grant the [IFP] motion." *Id.*

We liberally construes pro se briefs, but "even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) and FED. R. APP. P. 28(a)(9)). Azubuko has failed to identify any nonfrivolous issue with respect to the denial of his Rule 60(b) and Rule 59(e) motions, and he has thus "effectively abandoned" the only possible issues for appeal. *Id.*; *see In re Ta Chi*

No. 11-30842

*Navigation*, 728 F.2d at 703. Accordingly, we deny the IFP motion and dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2; *Howard*, 707 F.2d at 220.

Pro se litigants do not have "unrestrained license to pursue totally frivolous appeals." *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987). We caution Azubuko that future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.