# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2017

Lyle W. Cayce
Clerk

FRANK DWIGHT CARTER,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-187

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frank Dwight Carter, former Texas prisoner # 561942, moves for leave to proceed in forma pauperis (IFP) in this appeal of the sua sponte dismissal of his case. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11296

Carter fails to address the district court's reasons for finding his case to be frivolous. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Carter has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the APPEAL IS DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Carter is WARNED that filing further frivolous appeals will subject him to sanctions. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).