# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-11068
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2024

Lyle W. Cayce
Clerk

Reginald Grant,

*Plaintiff—Appellant*,

*versus*

Amazon.com Services LLC,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-439

———————————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Reginald Grant, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his case upon granting summary judgment on the defendant's motion and sua sponte. The motion is a challenge to the district court's certification that the appeal

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Grant fails to address the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Grant has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Grant is WARNED that filing further frivolous appeals may subject him to sanctions. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).