# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

————————

No. 24-10456
Summary Calendar

————————

OneMain Financial Services, Incorporated; OneMain Financial Group, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Harold Boyer; Susan Boyer,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:23-CV-22

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Harold and Susan Boyer, move pro se for leave to proceed in forma pauperis (IFP) in this appeal of the district court's denial of the Boyers' motions for summary judgment and request for injunctive relief, and the court's grant of a permanent injunction and summary judgment in favor of OneMain Financial Services, Inc., and OneMain Financial Group, L.L.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(together, OneMain).  In denying relief to the Boyers and granting relief to OneMain, the district court found, inter alia, that (1) OneMain had satisfied the criteria for issuance of a permanent injunction; (2) OneMain was the owner of the property located at 906 S. Fourth Street, Bangs, Texas 76823 (the Property); (3) the Boyers' claims were barred by res judicata and the *Rooker-Feldman* doctrine; and (4) the Boyers were liable to OneMain for trespass, unjust enrichment, and civil conspiracy, and Susan Boyer was liable for recording a fraudulent lien and for theft.

In their brief, the Boyers contend that they are the true owners of the Property and that OneMain's interest in the Property was procured by fraud. However, the district court did not undertake an independent evaluation of the parties' respective interests in the Property but rather found that the issue of ownership was res judicata because it had been fully and finally litigated in a prior federal lawsuit.  *See Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997).  Moreover, the court found that it lacked jurisdiction under the *Rooker-Feldman* doctrine because the Boyers' claims to the Property challenged the judgment and orders entered in a state court foreclosure proceeding and therefore constituted an impermissible collateral attack on a state court judgment.  *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284, 291–92 (2005).

The Boyers further argue that the district court erred in granting relief to OneMain because it failed to offer any fact witnesses in support of its claims.  However, there is nothing in Federal Rule of Civil Procedure 56 that makes fact witnesses a prerequisite to a grant of summary judgment.  *See* Fed. R. Civ. P. 56.  OneMain's summary judgment motion was well supported by the declaration of Sherry Benight, which was accompanied by true and correct certified copies of the documents recorded in the local real estate records and the pleadings and orders filed in the prior federal lawsuit

and the state foreclosure proceeding, all of which supported the district court's disposition of this case.

The Boyers otherwise fail to meaningfully address the district court's reasons for its denial of relief to them and its grant of relief to OneMain. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant—including one who proceeds pro se—fails to identify error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because, other than as discussed above, the Boyers have failed to meaningfully challenge the factual and legal aspects of the district court's disposition of this case, they have abandoned the critical issue of their appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 5TH CIR. R. 42.2. The Boyers are WARNED that filing further frivolous appeals may subject them to sanctions, including monetary sanctions and restrictions on access to federal courts. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).