# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2025

Lyle W. Cayce
Clerk

No. 23-10906

Steven Van Horne,

*Plaintiff—Appellant*,

*versus*

Tommy Valencia; Daniel White; Charles G. Wheeler;
Texas Department of Public Safety,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CV-173

Before Smith, Haynes, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Steven Van Horne seeks to proceed in forma pauperis (IFP) on appeal from the Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint claiming that the defendants violated, inter alia, several of his constitutional rights by conducting a traffic stop, arresting him for the Texas offenses of driving without a license and failing to identify himself, and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

searching and impounding his vehicle. Through his IFP motion, Van Horne challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

By failing to address substantively the dismissal of his Fourth Amendment claim, Van Horne abandons the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). Similarly, while he contests the district court's denial of his October 2022 motion for an extension of time to file objections to the magistrate judge's report, he ignores the district court's alternative determination that the objections, even if considered, were without merit. *See Yohey*, 985 F.2d at 225; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). Van Horne also fails to address, and has abandoned any challenge to, the district court's reasons for denying his third motion for leave to amend his complaint. *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748; *see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2018) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

Although Van Horne contends in his IFP pleadings that the Texas licensing laws at issue do not apply to him because he was not driving for commercial purposes, a state may exercise its police power to "rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of *all* motor vehicles," not just commercial traffic. *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (emphasis added). His remaining sovereign-citizen claim—that his religious

beliefs and membership in the purportedly autonomous "KINGDOM OF יהוה ON EARTH" exempt him from Texas laws generally—is legally meritless. *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings.").

Van Horne fails to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

In previously dismissing as frivolous his appeal in another § 1983 case, we issued Van Horne a sanction warning. *See Van Horne v. Haag*, No. 24-10492, 2024 WL 4512340, at *1 (5th Cir. Oct. 17, 2024) (unpublished), *petition for cert. filed* (U.S. Mar. 6, 2025) (No. 24-7138). Van Horne is again WARNED that filing further frivolous appeals may subject him to sanctions, including monetary sanctions and restrictions on access to federal courts. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).