Thaddus C. SIMMONS,
Plaintiff-Appellant,

v.

D.J. POPPELL, et al.,
Defendants-Appellees.

No. 87-2683
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1988.

Thaddus C. Simmons, pro se.

Karen D. Matlock, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

## 1244

PER CURIAM:

A prisoner appeals from the dismissal as frivolous of his § 1983 action. We affirm.

### I

Thaddus C. Simmons, proceeding pro se and in forma pauperis, filed this action against three prison officials alleging that they had failed to investigate adequately and locate a radio that was removed from his cell by another prison official who is not named as a defendant to this action. After an evidentiary hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the district court dismissed the action as frivolous, holding that the complaint was *de minimis* and failed to raise a constitutional issue.

■ We agree. The Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and even intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir.1984). Here, Simmons has failed to allege the intent necessary to state an actionable claim, and the district court did not err in dismissing.

### II

■ The defendants request that we assess costs against Simmons. Under Fed. R.App.P. 38, sanctions are appropriate when a frivolous appeal is brought. *Clark v. Green*, 814 F.2d 221, 223 (5th Cir.1987). Although we are particularly cautious in the imposition of sanctions against pro se plaintiffs, such litigants "are not granted unrestrained license to pursue totally frivolous appeals." *Id.* at 223. Here, Simmons was alerted by the district court that his action was frivolous, yet he proceeded to appeal. We are persuaded that Simmons should pay the costs of his appeal. Since he is an in forma pauperis petitioner, we order such costs, but not in excess of $75.00, be deducted in equal as possible installments from his prison account in amounts that will not deplete the account below $10.00 at the time of a payment.

AFFIRMED and costs assessed against appellant.