IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10409
Conference Calendar
_____


GEORGE LOPEZ,

                                        Plaintiff-Appellant,

versus

DAVID WILLIAMS, Sheriff, Tarrant County,
TX; ELGIN, Officer, Greenbay Facility,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94CV00532
- - - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Lopez challenges the district court's dismissal of his complaint as frivolous. An in forma pauperis suit may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). We review such a dismissal for an abuse of discretion. Denton, 504 U.S. at 33. In determining whether the district court abused its discretion by dismissing Lopez's

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

complaint without affording him an opportunity to amend, we consider whether Lopez's "allegations may pass section 1915(d) muster" with additional factual development.  Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

To prevail on a claim under § 1983, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law.  Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988).  A defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed."  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).

Lopez does not allege any personal involvement by Sheriff Williams, nor does he implicate a jail policy or custom. Although Lopez successfully alleges Officer Elgin's personal involvement, his allegations indicate, at most, that Elgin was negligent.  A state official's negligent act which causes an unintended loss of property does not implicate the Due Process Clause.  Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988).

Lopez raises for the first time on appeal claims under the Eighth Amendment of the U.S. Constitution and article 6252-19 of the "Texas State Claims Act."  These issues are not purely legal and cannot be addressed by this court.  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Accordingly, the judgment of the district court is AFFIRMED.