IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60869
Conference Calendar
_____

RICKY CHARLES CARTER,

Plaintiff-Appellant,

versus

ALVIN RANDALL; FRED CHILDS;
JAMES V. ANDERSON, Superintendent,
Mississippi Department of Corrections,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-696-BN
- - - - - - - - - -
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Ricky Charles Carter, Mississippi prisoner # 40982, appeals
the district court's dismissal of his 42 U.S.C. § 1983 action as
frivolous for failure to state a claim.  Carter argues that he
was deprived of personal property when he was transferred from
one correctional facility to another.  He contends that this
property was misplaced or destroyed, and he seeks compensation
for its  value, as well as punitive damages.  On appeal, Carter

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also asserts that this deprivation violated his First, Fourth, and Eighth Amendment rights.

The negligent or intentional destruction of an inmate's property by a state official does not raise a constitutional claim if adequate state post-deprivation remedies exist. See Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988). Mississippi's post-deprivation remedies are sufficient. Nickens v. Melton, 38 F.3d 183, 184-86 (5th Cir. 1994). Therefore, Carter's appeal is frivolous and is dismissed. 5TH CIR. R. 42.2.

The district court's dismissal of Carter's complaint and this court's dismissal of his appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Carter is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.