**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 02-60083
Summary Calendar

---

RAY CHARLES McFARLAND,

Plaintiff-Appellant,

versus

ROBERT JOHNSON, Commissioner; JAMES ANDERSON, Former
Commissioner of Mississippi Department of Corrections; JOHN
BEARRY, Dr.; JANET PIERCE, Dr.,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:01-CV-73-P-A
---------------------------------------------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ray Charles McFarland, Mississippi prisoner #87668, appeals from the dismissal of his 42

U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915A.  McFarland contends that prison

officials were deliberately indifferent to his serious medical needs by giving him inadequate treatment

and placing him in a medical classification requiring him to do work beyond his abilities; that the

district court erred by not obtaining his pre-incarceration medical and disability records; that prison

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officials violated the Americans with Disabilities Act (ADA); that prison officials violated the Due Process Clause by causing the cessation of his social security disability benefits; and that the district court erred by dismissing his action as frivolous.

The record indicated that prison medical staff evaluated McFarland's medical classification and changed the classification when it was thought appropriate to do so. The record did not reflect deliberate indifference towards McFarland's classification or his work assignments. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

The record indicated that McFarland was treated for pain caused by his various ailments with medication, lay-ins, and orthopedic shoes. McFarland refused treatment on three occasions, and he refused to see the doctor on duty on another occasion. McFarland has failed to demonstrate deliberate indifference to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

McFarland does not cite to the ADA, nor does he construct an argument using the ADA's statutory language. Because he has presented no relevant legal argument based on the ADA, he has failed to brief any ADA argument for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

McFarland alleges that his disability benefits were reinstated after an administrative appeal. He therefore had an adequate post-deprivation remedy and there was no violation of the Due Process Clause. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

McFarland's claims had no basis in law. The district court did not err by dismissing those claims with prejudice. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993)

AFFIRMED.