# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-31065
Summary Calendar

PEGGY M. HAIRSTON ROBINSON; LEONARD A. ROBINSON;
METROPOLITAN MUTUAL MORTGAGE, INC.; CAPITAL CITY TITLE
COMPANY; METROPOLITAN SCHOOL OF MORTGAGE FINANCE
AND PARALEGAL CAREERS; SATELLITE REALTY & ASSOCIATES;
LENORA M. ROBINSON,

                                        Plaintiffs-Appellants,

versus

STATE OF LOUISIANA, Through Office of Financial Institutions/and Their
Risk Management Insurer; JOHN TRAVIS, Individually; HANCOCK BANK
and Its Insurer; ANN LEMENAGER, Individually; MILLWOOD ONE and
Insurer; LARRY O'NEAL JOHNSON, Individually; MELANIE JOHNSON,
Individually, DARIN DOMAINGUE, Individually; KATHLEEN BLANCO,
Honorable Governor, State of Louisiana; STATE RISK MANAGEMENT
INSURER; ESQ. STEVE IRVING; ESQ. LANE BENNETT, Personally;
JAMES ROBILLARD, Personally; STEVE WATER, Personally; TIMOTHY
BAINES, Personally; DIANNE HAWKIN, Personally; ANTHONY HICKS,
Personally; KATHERYN HICKS, Personally; KIMBERLY KNIGHT,
Personally; DOUG MOREAU, Honorable District Attorney; SHERIFF EAST
BATON ROUGE PARISH,

                                        Defendants-Appellees.

Appeals from the United States District Court
for the Middle District of Louisiana
No. 3:07-CV-958

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Peggy Robinson, two family members, and several affiliated businesses appeal the dismissal of their suit against the State of Louisiana and various other parties. Defendants Millwood One, LLC, Larry O'Neal Johnson, and Melanie Johnson ("movants") seek sanctions against plaintiffs for maintaining a frivolous appeal, and plaintiffs have filed a reciprocal motion for sanctions. We dismiss the appeal as frivolous, grant the movants' motion for sanctions, and deny plaintiffs' motion.

I.

Plaintiffs sued Hancock Bank and various other parties in state court after the bank had foreclosed on two properties. The complaint alleged an elaborate conspiracy to defraud. The trial court granted summary judgment and dismissed with prejudice. An appeal was unsuccessful.

Using the same factual allegations and requests for relief, plaintiffs sued in federal court. After enduring countless repetitive motions, the district court dismissed for lack of subject matter jurisdiction. The court then denied plaintiffs' motion for a new trial, finding their arguments to be "repetitious and vexatious" and "baseless." Plaintiffs appeal the dismissal.

II.

Parties before this court must comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. The appellant's brief must contain an argument setting forth "appellant's contentions and the reasons for them, with

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(A). Plaintiffs' brief cites no relevant legal authority, makes no helpful reference to the record, and entirely fails to identify error relating to the district court's reasons for dismissal. "Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned." *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (citations omitted). Plaintiffs' brief utterly fails to advance any plausible legal argument, so they have abandoned the legal issues addressed therein.

Rule 38 of the Federal Rules of Appellate Procedure authorizes us to award damages and single or double costs to the appellee if we decide that an appeal is frivolous. "A party who continues to advance long-defunct arguments invites sanctions." *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (citation omitted). Plaintiffs have filed repetitive suits and motions offering the same baseless arguments that have already been rejected. Appeals and writs have been denied, and the district court warned against further "vexatious filings."

Plaintiffs have been given plain notice that the federal courts lack jurisdiction. The only reasonable conclusion is that plaintiffs do not prosecute this appeal in good faith but instead seek to harass defendants through a self-announced plan to file a series of "recurring claims" until they are satisfied. Such persistence is wasteful and frivolous, and sanctions are warranted. By contrast, plaintiffs' motion for sanctions is entirely without merit.

Plaintiffs are ordered to pay $10,000 in attorney fees, plus double costs on appeal, and are warned that they may file no further actions or civil appeals until the sanctions are paid. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or civil appeal by plaintiffs unless they submit proof of satisfaction of all sanctions. If they attempt to file any further notices of appeal in this court without such proof, the clerk shall docket them for administrative purposes only. Any submis-

sions that do not show proof that the sanctions have been paid will neither be addressed nor acknowledged. We warn plaintiffs that any further frivolous filings in the district court or on appeal will subject them to additional sanctions.

The appeal is DISMISSED as frivolous, the motion for sanctions and the motion to prohibit further filings are GRANTED, appellants' motion to supplement the record is DENIED, and appellants' motion for reciprocal sanctions is DENIED.