# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2011

Lyle W. Cayce
Clerk

No. 10-10827
Summary Calendar

MARY TYLER,

Plaintiff - Appellant

v.

CEDAR HILL INDEPENDENT SCHOOL DISTRICT; CEDAR HILL
INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT; MICHAEL
MCKINNEY; RICHARD COLLIER,

Defendants - Appellees

Appeal from the United States District Court
of the Northern District of Texas
USDC No. 3:09-cv-02469-BD

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Mary Tyler (Tyler) was informed by her employer, Cedar Hill Independent School District (CHISD) in Cedar Hill, Texas, that she would be terminated. She subsequently filed suit, asserting race discrimination against CHISD, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and excessive force, pursuant to 42 U.S.C. § 1983, against two CHISD police officers,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10827

Michael McKinney and Richard Collier.  Before her requested termination hearing could be conducted, Tyler and CHISD executed a settlement agreement. The settlement agreement included a provision that released CHISD and its employees from all liability, pertaining to Tyler's termination.  Accordingly, CHISD filled a motion for summary judgment, asserting the affirmative defense of release.  Tyler alleged, in response, that the agreement was obtained by fraud because her name was forged.  The district court granted CHISD's motion.  We AFFIRM the district court's judgment and DENY CHISD's request for sanctions against Tyler.

**I.**

On November 9, 2009, the CHISD Board of Trustees (hereinafter the Board) voted in favor of Tyler's termination.  The next day, CHISD sent Tyler a letter informing her of the vote to terminate her contract.  Tyler subsequently requested a termination hearing before an independent hearing examiner, regarding the proposed termination.  *See* TEX. EDU. CODE § 21.253(a) ("A teacher must file a written request for a hearing under this subchapter with the commissioner not later than the 15th day after the date the teacher receives written notice of the proposed action.").  Soon after, Tyler filed a complaint in federal court *pro se*.  After initial screening, the district court[1] dismissed all of Tyler's claims except her race discrimination claim against CHISD and her excessive force claim against two CHISD police officers.[2]  On the morning of

---

[1] The district court adopted the magistrate judge's report and recommendation, regarding the relevant motions in this case—CHISD's motion to dismiss, motion for summary judgment, and motion for sanctions.  Therefore, all references to the district court refer also to the magistrate judge's holdings and analysis.

[2] For purposes of clarity, for the balance of this opinion, CHISD and officers Collier and McKinney will be referred to collectively as CHISD.

2

No. 10-10827

February 8, 2010, before the termination hearing was scheduled to begin, Tyler entered into a "Compromise Settlement Agreement and Release" (hereinafter the settlement agreement). The parties dispute the reason, but agree that the hearing never took place.

In the settlement agreement, among other things, Tyler voluntarily resigned her employment with CHISD, agreed to dismiss her request for a termination hearing and all pending grievances, and promised not to call or write the Board, administrators, and employees of the CHISD, regarding her employment and separation. In return, CHISD agreed to pay Tyler a lump sum of $31,924.10, provide a neutral employment recommendation, and not testify against her in any criminal proceeding unless subpoenaed. The settlement agreement also contained a release that effectively absolved CHISD and its employees of any pending or future liability, relating to her termination.[3] Tyler was represented by counsel when she signed the settlement agreement.

Following execution of the settlement agreement, Tyler's *pro se* suit continued in the district court. Relevant here, CHISD filed a motion for

---

[3] The provision states:

> Except for the rights and obligations created by this Agreement, the parties do hereby remise, release, and forever discharge each other (including the District's Board of Trustees, officers, agents, servants [sic] administrators, and employees, past and present) from any and all claims, demands and causes of action, of whatever kind or nature, whether known or unknown, suspected or unsuspected, held by each other, including but not limited to any claim arising out of or in any way connected with Ms. Tyler's employment with the District, the termination and/or resignation thereof, or any action or omission by Releases, from the beginning of time through the date of this Agreement, including but not limited to any claim under the Americans With Disabilities Act of 1990, the Civil Rights Acts of 1964 and 1991, the Age Discrimination in Employment Act of 1967, and any applicable workers' compensation law.

No. 10-10827

summary judgment and a motion for sanctions.  In its motion for summary judgment, CHISD argued that Tyler's claims were barred by the release provision in the settlement agreement.  In its motion for sanctions, CHISD argued that Tyler filed suit to inconvenience and harass the defendants.  The district court granted CHISD's motion for summary judgment, but denied the motion for sanctions.  Tyler appealed, challenging the district court's summary judgment.  CHISD filed a motion, pursuant to Federal Rule of Appellate Procedure 38, asking this court to impose sanctions on Tyler.

## II.

### A.    Summary Judgment

#### 1.    Standard of Review

This court reviews a district court's grant of summary judgment and application of state law *de novo*.  *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  When a party seeks summary judgment pursuant to an affirmative defense, such as release, the movant must establish all of the elements of the defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  If the movant does so, the burden shifts to the nonmovant to provide specific facts showing the existence of a genuine issue for trial.  FED. R. CIV. P. 56(c), (e).  In reviewing summary judgment, "[w]e construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation and internal quotation marks omitted).  The parties may satisfy their respective burdens by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits

No. 10-10827

or declarations, stipulations . . . admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1).

### 2.   Analysis

Federal law governs the release of federal claims in a contract. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 373 (5th Cir. 2002). To obtain summary judgment on an affirmative claim of release, a defendant must establish that the plaintiff: (1) signed a release that addresses the claims at issue, (2) received adequate consideration, and (3) breached the release. *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 322 (5th Cir. 2003). If a defendant is able to prove these elements, the plaintiff must "demonstrate that the release was invalid because of fraud, duress, material mistake, or some other defense." *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (citation and internal quotation marks omitted). Here, Tyler does not argue that CHISD has not established the requisite elements of the affirmative defense. Instead she argues that the release was obtained by fraud because her name was forged on the document. Therefore, our sole inquiry is whether Tyler has demonstrated that the settlement agreement should be invalidated because of fraud.

After closely reviewing the record, we conclude that the only document Tyler provides to support her claim of fraud is her conclusory, unsworn affidavit, stating that she did not sign the agreement. We have repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment. *See DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 (5th Cir. 2005) ("[The non-moving party's] attempt to create a fact issue as to [an element of the relevant statute] by relying on a conclusory and self-serving affidavit is on unsteady ground."); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only

evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (citation and internal quotation marks omitted)). Moreover, "[i]t is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *DIRECTV, Inc.*, 420 F.3d at 530 (citation omitted). Thus, the district court correctly granted CHISD's motion because Tyler's unsworn, conclusory affidavit is insufficient evidence to defeat summary judgment.

## B.    Motion for Sanctions

CHISD asks this court to sanction Tyler under Rule 38 for maintaining her *pro se* appeal because CHISD claims that Tyler's suit is frivolous. "We do not lightly impose sanctions for invoking the right of appeal." *Stelly v. Comm'r of Internal Revenue*, 761 F.2d 1113, 1116 (5th Cir. 1985). However, *pro se* plaintiffs "are not granted unrestrained license to pursue totally frivolous appeals." *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (citation and internal quotation marks omitted). "Where pro se litigants are warned that their claims are frivolous . . . and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate." *Id.*

Here, we do not believe that Tyler's appeal warrants sanctions. Although the district court acknowledged that Tyler's claims were frivolous in its order denying CHISD's motion for sanctions, it did not dismiss Tyler's case as frivolous. Moreover, there is no evidence that Tyler pursued this appeal in bad faith. However, though we do not impose Rule 38 sanctions at this time, we caution Tyler that any further prolongation of this matter may result in the imposition of sanctions.

No. 10-10827

## III.

Accordingly, we AFFIRM the district court's judgment and DENY CHISD's motion for sanctions.