# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

Lyle W. Cayce
Clerk

No. 11-10834
Summary Calendar

RODOLFO VELA; ANNA VELA,

Plaintiffs–Appellants

v.

BRADLEY M. MANNING; AMERICAN NATIONAL INSURANCE
COMPANY; R. G. PATTERSON; H. F. ALDREIDGE; B. J. GARRISON,

Defendants–Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-685

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants Rodolfo and Anna Vela (the "Velas" or "Appellants"), proceeding pro se, brought suit against Defendants–Appellees Bradley M. Manning, American National Insurance Company ("ANIC"), R. G. Patterson, H. F. Aldreidge, and B. J. Garrison (collectively, "Appellees"). Their suit appears to arise from ANIC's handling of a life insurance claim that the Appellants filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10834

after their son's death, as well as issues related to Rodolfo Vela's termination from ANIC in 1989. This federal lawsuit is an apparent attempt to re-litigate a state lawsuit that was dismissed in 2009. *See Vela v. Manning*, 314 S.W. 3d 693, 693-94 (Tex. App.–Dallas 2010).[1]

The Appellees moved to dismiss the suit for lack of subject matter jurisdiction, as the case arose neither under the district court's federal question jurisdiction nor its diversity jurisdiction. 28 U.S.C. § 1331, 1332(a). The magistrate judge found no viable basis for federal subject matter jurisdiction, and therefore recommended dismissal of the action without prejudice. The district court adopted the recommendation, and the Velas timely appealed. On appeal, the parties cross-moved for sanctions.

We "apply a de novo standard of review to a motion to dismiss under Rule 12(b)(1)." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012). We agree that the Velas' first amended complaint fails to allege a basis of federal jurisdiction, which is required under Federal Rule of Civil Procedure 8(a)(1). When bringing suit in federal court, "[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citation and internal quotation marks omitted). It is well established that "[t]he diversity statute requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

---

[1] This, of course, would implicate *Rooker–Feldman* concerns. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). We need not address this issue, however, because we conclude that the district court lacked diversity or federal question jurisdiction.

No. 11-10834

Here, the Velas' complaint identifies all parties as citizens of Texas.[2] Without complete diversity, this suit cannot proceed under 28 U.S.C. § 1332(a).

Federal question jurisdiction is also absent. A federal court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Although the amended complaint is quite difficult to decipher, we understand the Velas to bring claims for fraud, defamation, and breach of contract. They also appear to bring claims for wrongful denial of life insurance benefits under the Texas Deceptive Trade Practices Act and Texas Insurance Code, related to their son's July 2001 death. These causes of action arise under state law, and therefore cannot support federal question jurisdiction.

For the first time in their response filed in the district court, and in their submissions to this panel, the Velas raise certain federal claims, namely age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), civil rights claims under 42 U.S.C. § 1983, related to the county sheriff's investigation of their son's death, and a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Such claims cannot support federal question jurisdiction because they do not "appear[] on the face of the plaintiff's well-pleaded complaint." *Elam*, 635

---

[2] Although the Velas stated for the first time in their response to the motion to dismiss that "one defendant[] was from the state of Missouri," such an allegation (even if procedurally proper) still fails to satisfy the complete diversity requirement.

No. 11-10834

F.3d at 803.[3] The district court thus properly dismissed the Velas' lawsuit for lack of subject matter jurisdiction.[4]

We briefly address the parties' cross-motions for sanctions. Under the Federal Rules of Appellate Procedure, "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." FED. R. APP. P. 38. The Appellees request an award of double costs and attorneys' fees, and an order that the Appellants may not make any further filings without a certification of merit from the district court.

We have, of course, awarded sanctions against pro se litigants in the past. *See, e.g.*, *Taylor v. C.I.R.*, 350 F. App'x 913, 916 (5th Cir. 2009); *Robinson v. Louisiana*, 355 F. App'x 860, 862 (5th Cir. 2009). While "[w]e do not lightly impose sanctions for invoking the right of appeal," we have warned that "pro se plaintiffs are not granted unrestrained license to pursue totally frivolous appeals." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 309 (5th Cir. 2011) (citation and internal quotation marks omitted). "Where pro se litigants are warned that their claims are frivolous . . . and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate." *Id.* (citation and internal quotation marks omitted).

In dismissing this lawsuit, the district court did not warn the Appellants that their claims were frivolous. We understand the Appellants' actions in this case to be a product of their failure to understand the intricacies of the federal

---

[3] The claims are also insufficient for other reasons. The statutory period for Rodolfo Vela's ADEA claim has long since expired, 29 U.S.C. § 626(d)(1)(A), (e), and the Section 1983 claim appears to be against certain county officials who are not parties to this suit. Finally, the Velas' vague RICO claim is raised for the first time in their initial brief on appeal.

[4] On appeal, the Velas vaguely refer to other district court errors on the topics of waiver and discovery. Such arguments not explained in any detail, and are therefore waived. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party waives an issue if he fails to adequately brief it.") (citation and internal quotation marks omitted). In any event, the lack of federal jurisdiction obviates any need to address these other arguments.

No. 11-10834

legal system, rather than bad faith or an intent to harass. We therefore decline to exercise our authority to impose sanctions against the Velas. *See Lonsdale v. C.I.R.*, 661 F.2d 71, 72 (5th Cir. 1981) ("Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38."). The Velas, however, have now received a clear ruling that federal jurisdiction over their lawsuit is lacking, and that pursuit of such claims in federal court is frivolous. We therefore order the Appellants not to file any further lawsuits against the Appellees in any federal district court within the Fifth Circuit unless and until a district court judge concludes that any such suit is not facially meritless or frivolous.[5]

The judgment of the district court is AFFIRMED.

---

[5] The Velas' cross-motion for sanctions is plainly without merit and is denied.