**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4061
_____

CARL HOOTEN,
                            Appellant
v.

GREGGO AND FERRARA COMPANY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00776)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2014

Before: RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Opinion filed: March 19, 2014 )
_____

OPINION
_____

PER CURIAM

        In 2010, Carl Hooten filed an employment discrimination suit against his former

employer, Greggo and Ferrara Company.  In 2012, on the defendant's motion, the

District Court granted summary judgment in favor of Greggo and Ferrara Company.

Soon thereafter, Hooten filed a motion to set aside the order, which the District Court denied.

More recently, on August 14, 2013, and on September 10, 2013, Hooten again filed motions to set aside the District Court's order granting judgment in favor of Greggo and Ferrara Company. In both motions, ostensibly in reliance on Rule 60 of the Federal Rules of Civil Procedure, Hooten asked the District Court to take notice of the Equal Employment Opportunity Commission's purported mishandling of his discrimination claim. He also asserted that expert testimony regarding the union grievance process was disregarded. He sought reopening to amend his complaint to add new claims.

The District Court denied Hooten's motions. Noting that Hooten did not specify the section of Rule 60 on which he relied, the District Court concluded that relief was not available under any section. The District Court also specifically stated that relief for legal error was not available under Rule 60(b)(1) and that Hooten had not established any basis for relief under Rule 60(b)(6). Hooten appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291. Generally, we review orders denying Rule 60(b) motions for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that we exercise plenary review over orders granting or denying relief under Rule 60(b)(4)). An appeal from the denial of

---

[1] He also presents a motion to submit the CD of his July 2009 arbitration hearing, which we also construe as a motion to expand the record on appeal. Greggo and Ferrara Company oppose his motion and also ask us to award attorneys fees and costs, or, in the alternative, to advise Hooten that future motions will not be considered.

Rule 60(b) relief does not bring up the underlying judgment for review. See Browder v. Dep't of Corr., 434 U.S. 257, 263 n.7 (1978). Upon review, we conclude that the District Court properly denied Hooten's motion.

In short, Hooten presented no basis for relief under Rule 60(b). It is not entirely clear if Hooten claimed legal error, but "legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). Hooten did not put before the District Court material new evidence that could not have been discovered earlier with reasonable diligence. See Compass Tech., Inc. v. Tseng Labs,, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). He also did not make the necessary "showing of exceptional circumstances" to justify relief under Rule 60(b)(6). See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Under no provision of Rule 60(b) is Hooten entitled to relief from the District Court's ruling (which was entered after a thorough review of the record and the law). Accordingly, we will affirm the District Court's judgment.[2]

---

[2] Hooten's motion to submit the CD/expand the record is denied. We will award costs to Greggo and Ferrara Company under Rule 39 of the Federal Rules of Appellate Procedure, but we decline to award attorneys' fees, or to advise Hooten, at this time, that we will entertain no other motions from him. Although Hooten's appeal is without merit, we do not lightly exercise our discretion to sanction a pro se litigant who may not have realized that his arguments were doomed to fail. See Fed. R. App. P. 38; cf. Simmons v. Poppell, 837 F.2d 1243 (5th Cir. 1988) (describing how a court must be "particularly cautious" in imposing sanctions against pro se litigants). However, our decision regarding sanctions or any future motions should in no way be considered as undermining our ruling that the District Court's rejection of the Rule 60(b) motions was proper. Furthermore, Hooten is now on notice that his arguments are not a basis for reopening.