**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50854
Summary Calendar

JOSHUA PRAYLOR,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; AHIA SHABAAZ; OWEN
MURRAY, Medical Director; JOSEPHINE SESSION; WILLIAM LESLIE
NORTHROP; VALENCIA POLLARD; WILLIAM GONZALES, DR.; UNIVERSITY
OF TEXAS MEDICAL BRANCH AT GALVESTON CORRECTIONAL MANAGED
CARE DIVISION; TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas

--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

Joshua Praylor, Texas prisoner # 1128305, appeals the denial
of his civil rights complaint against numerous officials of the
Texas Department of Criminal Justice (TDCJ) and the University of
Texas and Texas Tech University health care systems (hereinafter,
TDCJ). See 28 U.S.C. § 1915(e)(2). Praylor argues that the
TDCJ's denial of his request for hormone therapy to treat his
transsexualism constitutes cruel and unusual punishment under the
Eighth Amendment. Praylor has filed an injunction seeking to

instruct the TDCJ to provide him with hormone therapy and brassieres. His motion is DENIED.

A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). The Cruel and Unusual Punishment Clause of the Eighth Amendment protects an inmate from improper medical care, but only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Although this circuit has not addressed the issue of providing hormone treatment to transsexual inmates, we will follow those circuits that have determined transsexualism to be a serious medical need raising Eighth Amendment considerations. See Cuoco v. Moritsugu, 222 F.3d 99, 103 (2d Cir. 2000); White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988); Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987); Supre v. Ricketts, 792 F.2d 958, 963 (10th Cir. 1986). Likewise, this court recognizes that while some method of treatment of inmate transsexuals is required, such inmates do not have a constitutional right to hormone therapy. Rather, the prison facility must afford the transsexual inmate some form of treatment based upon the specific circumstances of each case.

In Praylor's case, the record reflects that he did not request any form of treatment other than hormone therapy. Testimony from the medical director at the TDCJ revealed that the TDCJ had a policy for treating transsexuals, but that Praylor did not qualify for hormone therapy because of the length of his term and the prison's inability to perform a sex change operation, the lack of medical necessity for the hormone, and the disruption to the all-male prison. Cf. De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003). Moreover, the director testified that Praylor had been evaluated on two occasions and denied eligibility for hormone treatment and that the TDCJ did provide mental health screening as part of its process for evaluating transsexuals. See Supre, 792 F.2d at 963. Accordingly, based upon the instant record and circumstances of Praylor's complaint, the denial of his specific request for hormone therapy does not constitute deliberate indifference. See Meriwether, 821 F.2d at 413; Supre, 792 F.2d at 963.

AFFIRMED; MOTION FOR INJUNCTION DENIED.