United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50854
Summary Calendar

_____

JOSHUA PRAYLOR,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; AHIA SHABAAZ; OWEN
MURRAY, Medical Director; JOSEPHINE SESSION; WILLIAM LESLIE
NORTHROP; VALENCIA POLLARD; WILLIAM GONZALES, DR.; UNIVERSITY
OF TEXAS MEDICAL BRANCH AT GALVESTON CORRECTIONAL MANAGED
CARE DIVISION; TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-58
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

This court's opinion, 423 F.3d 524 (5th Cir. 2005), is hereby

withdrawn, and the following opinion is substituted:

Joshua Praylor, Texas prisoner # 1128305, appeals the denial

of his civil rights complaint against numerous officials of the

Texas Department of Criminal Justice (TDCJ) and the University of

Texas and Texas Tech University health care systems (hereinafter,

TDCJ).  See 28 U.S.C. § 1915(e)(2).  Praylor argues that the

TDCJ's denial of his request for hormone therapy to treat his

transsexualism constitutes cruel and unusual punishment under the

Eighth Amendment.  Praylor seeks an injunction seeking to instruct the TDCJ to provide him with hormone therapy and brassieres.  His motion is DENIED.

A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6).  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  The Cruel and Unusual Punishment Clause of the Eighth Amendment protects an inmate from improper medical care, but only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

This circuit has not addressed the issue of providing hormone treatment to transsexual inmates. Other circuits that have considered the issue have concluded that declining to provide a transsexual with hormone treatment does not amount to acting with deliberate indifference to a serious medical need. See, e.g., White v. Farrier, 849 F.2d 322 (8th Cir. 1988) (acknowledging that transsexualism is a serious medical condition, but holding that declining to provide hormone therapy did not constitute deliberate indifference to that medical need); Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987) (holding transsexual prisoner has no constitutional right to "any particular type of treatment, such as estrogen therapy"); Supre v. Ricketts, 792 F.2d 958, 963 (10th Cir. 1986) (concluding that

declining to provide hormone therapy did not constitute deliberate indifference when prison officials offered alternate treatment). Assuming, without deciding, that transsexualism does present a serious medical need, we hold that, on this record, the refusal to provide hormone therapy did not constitute the requisite deliberate indifference.

In Praylor's case, the record reflects that he did not request any form of treatment other than hormone therapy. Testimony from the medical director at the TDCJ revealed that the TDCJ had a policy for treating transsexuals, but that Praylor did not qualify for hormone therapy because of the length of his term and the prison's inability to perform a sex change operation, the lack of medical necessity for the hormone, and the disruption to the all-male prison. Cf. De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003). Moreover, the director testified that Praylor had been evaluated on two occasions and denied eligibility for hormone treatment and that the TDCJ did provide mental health screening as part of its process for evaluating transsexuals. See Supre, 792 F.2d at 963. Accordingly, based upon the instant record and circumstances of Praylor's complaint, the denial of his specific request for hormone therapy does not constitute deliberate indifference. See Meriwether, 821 F.2d at 413; Supre, 792 F.2d at 963.

AFFIRMED; MOTION FOR INJUNCTION DENIED.