United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50217
Summary Calendar

GREGORY LAWRENCE MOORE,

Plaintiff-Appellant,

versus

RISSIE OWENS; JOSE ALISEDA; CHARLES AYCOCK; JACKIE DONOYELLES;
LINDA GARCIA; JUANITA M. GONZALEZ; ELVIS HIGHTOWER; PAMELA D.
FREEMAN; JANE DOES, All Future Members and Commissioners of the
Texas Board of Pardons and Paroles; JOHN DOES, All Future Members
and Commissioners of the Texas Board of Pardons and Paroles,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-418
--------------------

Before JOLLY, DENNIS, CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory Lawrence Moore, Texas prisoner # 799979, is serving
a 30-year sentence for aggravated sexual assault of a child, an
offense he committed in June 1989, and a consecutive 20-year
sentence for failure to appear, an offense committed in January
1997. He filed an action under 42 U.S.C. § 1983 in which he
raised numerous claims concerning the actions and omissions of
the Texas Board of Pardons and Paroles (TBPP). The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court determined that Moore had pleaded both habeas claims and civil rights claims. It dismissed the former without prejudice to file an application for habeas relief in the appropriate court, and it dismissed the latter, also without prejudice, for failure to state a claim on which relief could be granted. This appeal followed.

We review de novo the district court's dismissal for failure to state a claim on which relief can be granted. See Praylor v. Texas Dep't of Crim. Justice, 430 F.3d 1208, 1209 (5th Cir. 2005). This court must assume that all of the plaintiff's factual allegations are true, and "[t]he district court's dismissal may be upheld, only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003) (citations and internal quotation marks omitted).

Moore argues that the district court erred in dismissing his claim that his Fifth Amendment right against compelled self incrimination was violated at his parole interview. He contends that his refusal to answer questions about his past uncharged crimes will diminish his chances of being granted parole. We affirm the district court's dismissal of this claim because a voluntary parole interview under the circumstances described by Moore does not does not violate the privilege against self-incrimination. See Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 286-88 (1998).

Moore argues that the district court erred in dismissing his ex post facto claim. He asserts that, in September 1997, the TBPP changed its rules regarding the calculation of eligibility dates for parole where prisoners are serving consecutive sentences, to his detriment.

We are aware that, in 1997, the Texas Department of Criminal Justice and the TBPP determined that time calculations for consecutively-sentenced inmates required re-evaluation for offenses committed after 1987, and that the practice of treating cumulative sentences as a single combined sentence was discontinued. See Ex parte Kuester, 21 S.W.3d 264, 265 (Tex. Crim. App. 2000) (footnotes omitted), overruled on other grounds, Ex parte Hale, 117 S.W.3d 866, 872 n.27 (Tex. Crim. App. 2003). Given this change, which occurred after the commission of Moore's offenses, we are not prepared to say that "no relief could be granted under any set of facts that could be proven consistent with [Moore's] allegations." Hart, 343 F.3d at 764 (citations and internal quotation marks omitted). Accordingly, while expressing no opinion on the merits of Moore's ex post facto claim, we vacate its dismissal and remand the claim to the district court for further proceedings.

Moore also contends that the district court erred in dismissing several claims for relief, which he labels "separation of powers" claims. Moore bases his argument regarding these claims exclusively on alleged violations of Texas state law.

However, "violation of state law alone does not give rise to a cause of action under § 1983." Williams v. Treen, 671 F.2d 892, 900 (5th Cir. 1982); see Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000). Moore has failed to show error in the dismissal of his "separation of powers" claims, and their dismissal is affirmed.

Moore has waived the remainder of the substantive claims presented in the district court by failing to raise them on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Moore argues that the district court erred in its determination that it would be improper, if he prevailed on a civil rights claim, to grant a declaratory judgment. Because none of Moore's § 1983 claims have been adjudicated in his favor, we decline to address whether a declaratory judgment would be appropriate.

Moore has also moved for the appointment of counsel. Because Moore has not demonstrated that his case involves exceptional circumstances, his motion is denied. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION DENIED.