# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2008

Charles R. Fulbruge III
Clerk

No. 08-60680
Summary Calendar

DEBORAH CHAMPLUVIER

Plaintiff - Appellant

V.

GRAY EVANS, In His Individual Capacity

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
(08-CV-14)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Deborah Champluvier was found guilty by a Mississippi jury of two counts of embezzlement from Perfect Treasures Furniture, a limited liability corporation of which she was a member. Her conviction was affirmed by the Mississippi Court of Appeals. The Mississippi Supreme Court granted certiorari and, over a two justice dissent, reversed the conviction, holding that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi embezzlement statute applies only to incorporated entities and private persons, not to limited liability companies.

Following the reversal of her conviction, Champluvier brought a pro se action in forma pauperis against Judge Gary Evans, the judge that presided over her jury trial. The action claimed that Judge Evans violated her Constitutional rights, particularly her due process and equal protection rights, and her right not to be subjected to cruel and unusual punishment. The district court dismissed her claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and because Judge Evans enjoys immunity from civil actions for his judicial acts.

We review a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) using the same de novo standard of review applicable to dismissals made pursuant to FED.R.CIV.P. 12(b)(6).[1] We agree with the district court's thorough memorandum opinion dismissing Champluvier's claims. Champluvier was afforded due process in her trial, stated no equal protection claim, and did not allege that her imprisonment was in any way cruel and unusual. Moreover, Judge Evans enjoys judicial immunity. AFFIRMED.

---

[1] Praylor v. Texas Dept. of Criminal Justice, 430 F.3d 1208, 1209 (5th Cir. 2005).