# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2012

Lyle W. Cayce
Clerk

No. 10-41202
Summary Calendar

DWIGHT SULLIVAN,

Plaintiff-Appellant

v.

STEPHANIE G. DERAMCY; SERGEANT BOBBY J. HANNA; SERGEANT RICKY JUDD; CORRECTIONAL OFFICER 5 NINA L. BURGESS; DAVID COLEMAN; CORRECTIONAL OFFICER 3 LORI A. PRICE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-168

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dwight Sullivan, Texas prisoner # 437084, appeals from the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint. He had argued that prison officials violated his constitutional rights by using excessive force,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interfering with his mail, taking his property, retaliating against him, filing false disciplinary cases, and failing to properly investigate a grievance.

On appeal, Sullivan reiterates his claims and asserts in general terms that, by rejecting those claims, the district court undermined his right to fundamental fairness and failed to afford him all of the safeguards to which he was due.  He also contends that we should apply "the conscience of the court" to his case.  Those arguments are based on the propriety of the summary judgment ruling, and are subsumed by consideration of Sullivan's underlying § 1983 claims.

Sullivan also asserts that the defendants were barred by collateral estoppel from relitigating issues that were presented in , *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), *rev'd in part*,  679 F.2d 1115 (5th Cir. 1982), *modified in part*, 688 F.2d 266 5th Cir. (1982); *Ruiz v. Johnson*, 37 F. Supp. 2d 855 (S.D. Tex.), *rev'd* 178 F.3d 385 (5th Cir. 1999) and *United States v. Taylor*, 487 U.S. 326 (1988).  However, the *Ruiz* decree, by itself, does not create constitutional rights that may be vindicated in Section 1983 suits by individual prisoners.  *See Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986).  Sullivan has not shown that  *Taylor* has any bearing on his case.  *See Taylor*, 487 U.S. at 327-28.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support his claims.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir.), *cert. denied*, 131 S. Ct. 355 (2010).  If, as in this case, a party asserts immunity, the burden shifts to the opposing party to rebut that assertion.  *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).  When a defendant pleads qualified immunity, the court must determine whether the facts alleged by the plaintiff set forth a violation of a constitutional right and whether the

constitutional right was clearly established at the time of the alleged misconduct. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). We review a grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

A review of the record reveals that the district court did not err in rejecting Sullivan's claims and granting the defendants summary judgment based on their Eleventh Amendment immunity and qualified immunity from suit. Sullivan's use of force complaints fail because the evidence shows that Sullivan provoked the use of force by the guards and received either minor or no injuries. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Sullivan's claim that the defendants took his personal property fails because he had adequate post-deprivation remedies. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). To the extent that the property was removed from his possession because it was contraband, Sullivan's claim fails because he did not have a protected interest in that property. *See McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983) (citation omitted), *abrogated on other grounds by Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). Sullivan failed to raise a material fact issue on his complaints of retaliation, the filing of false disciplinary cases, and interference with his mail sufficient to withstand a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Finally, Sullivan's claim that his grievance was not properly investigated fails because he has no protected liberty interest in having prison grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

The district court's judgment is AFFIRMED.