**Marvin Frank HALL, Plaintiff–Appellant**

**v.**

**William RAMSEY, City Attorney of Mount Vernon Texas; Mount Vernon Police Department; Brian Alcorn, Police Officer for City of Mount Vernon Texas; Brian Williamson, Police Officer in Mount Vernon Texas; City of Mount Vernon Texas, Defendants–Appellees.**

No. 11–40856
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 2012.

Marvin Frank Hall, Palestine, TX, pro se.

298

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Marvin Frank Hall, Texas prisoner # 1259577, appeals the district court's dismissal of this 42 U.S.C. § 1983 action as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Hall argues that the defendants' actions in arresting him and allegedly seeking a more severe penalty than was warranted violated his constitutional rights. He contends that pursuant to *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), his § 1983 claim accrued when he was arrested, not when he was convicted or sentenced. Thus, he asserts that at the time of the wrongful arrest there was no criminal conviction that a civil rights action could call into question, and the district court erred by applying *Heck*.

Generally, the dismissal of a complaint as frivolous is reviewed for an abuse of discretion, and dismissals for failure to state a claim are reviewed de novo. *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir.2005); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005). The district court did not specify the standard under which it dismissed Hall's complaint. However, even applying the higher de novo standard, we find no error. Hall has mistakenly equated the accrual of his cause of action with the merits of his claims. Although "a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest," *Mackey v.*

*Dickson*, 47 F.3d 744, 746 (5th Cir.1995) (emphasis in original), when the proof required to establish the unlawful arrest claim necessarily implicates the underlying conviction, the claim is barred by *Heck*. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Both false arrest and malicious prosecution causes of action require a showing of no probable cause. *See Haggerty v. Tex. Southern Univ.*, 391 F.3d 653, 655 (5th Cir.2004) (false arrest); *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir.2001) (malicious prosecution). Hall concedes that he was convicted of misdemeanor assault causing bodily injury as a result of the incident for which he was arrested and originally charged with a felony. Because a showing that there was no probable cause would call into question the validity of his misdemeanor conviction, the district court did not err in dismissing this action with prejudice until the conditions in *Heck* are met. *See Wells*, 45 F.3d at 95.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.