# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2013

No. 13-10137
Summary Calendar

Lyle W. Cayce
Clerk

RICKY LEE STROBLE,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Director; JENNIFER SMITH, (MSCP) Mail Room Supervisor; JONI WHITE, (DRC) Review Committee,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-55

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ricky Lee Stroble, Texas prisoner # 1594772, has filed a motion for permission to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint. The magistrate judge, presiding with Stroble's consent, certified that any appeal would not be taken in good faith. By moving in this court for IFP status, Stroble is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stroble contends that he stated a cognizable First Amendment claim by alleging that prison officials improperly applied prison policy regarding the prohibition of sexually explicit materials and that he was consequently denied access to images that were permissible. A prison may impose regulations and policies that impinge on a prisoner's First Amendment rights if they are reasonably related to a legitimate penological interest. *Brewer v. Wilkinson*, 3 F.3d 816, 820-21, 825-26 (5th Cir. 1993). To further the legitimate interest in preventing deviate, criminal sexual behavior in the prison population, prison officials may limit prisoners' access to sexually explicit materials even if they are not obscene. *Thompson v. Patteson*, 985 F.2d 202, 205-06 (5th Cir. 1993). Though Stroble complains about prison officials' interpretation of the policy regarding sexually explicit images, prison rules "necessarily confer a certain degree of discretion on prison authorities" to determine what constitutes impermissible sexually explicit material. *Id*. at 207. Moreover, even if the officials did not follow prison policy, this does not, in itself, amount to a constitutional violation. *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009). Accordingly, this claim is frivolous.

To the extent that Stroble raised an equal protection claim, it also fails. Stroble has not alleged that prison officials withheld images based on an improper motive such as Stroble's race or religion; any particular instances of inconsistent outcomes alone do not provide a basis for relief. *Thompson*, 985 F.2d at 207.

Finally, Stroble alleged that prison officials denied him due process because the same officials that interpreted the prison policy also decided his appeal during the grievance process, but this claim is equally meritless. The purpose of due process is "protect a substantive interest to which the individual has a legitimate claim of entitlement." *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012). Stroble's allegation that the appeal process was unfair is insufficient to assert a due process violation because it identifies no substantive

interest at stake and a prisoner has no constitutionally protected interest in having grievances resolved in a particular manner. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Moreover, as we have already explained, Stroble has not adequately alleged that the defendants violated any constitutionally protected interest that could from the basis of a due process claim. *See McFaul*, 684 F.3d at 579.

Stroble's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of Stroble's complaint and the dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Stroble previously accumulated at least two strikes and has now, therefore, accumulated more than three strikes. *See Stroble v. Tex. Dep't of Criminal Justice, Institutional Div.*, No. 12-11055, 2013 WL 1150062, at * 2 (5th Cir. Mar. 21, 2013). Accordingly, he is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.