# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2021

Lyle W. Cayce
Clerk

No. 20-50464

Joaquin Alvarez,

*Plaintiff—Appellant*,

*versus*

Chimdi A. Akwitti,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-623

Before Smith, Stewart, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

While "[t]he Constitution 'does not mandate comfortable prisons,'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)), it does prohibit "cruel and unusual punishments," U.S. Const. amend. VIII. And while we do not hold prison wardens strictly liable for all harm that occurs to inmates during their incarceration, the Supreme Court has made clear that "[h]aving incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct"—and "having stripped them of virtually every means of self-protection and foreclosed their access to outside aid"—"the government

and its officials are not free to let the state of nature take its course." *Id.* at 833 (cleaned up). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes*, 452 U.S. at 347).

Joaquin Alvarez, a Texas state prisoner, filed a handwritten, pro se complaint alleging that he begged to be protected from "a sexually violent predator inmate"—but that in response, prison guards required him to identify that inmate publicly, and Chimdi Akwitti, an assistant prison warden, called him a "snitch" and refused to grant a transfer for that reason. That same inmate later attacked Alvarez for being a snitch.

The district court dismissed Alvarez's suit sua sponte, before Akwitti filed a response. In doing so, the court did not address Alvarez's allegations that Akwitti deliberately left a known "snitch" (one outed by his own guards) in harm's way. We vacate and remand so that the district court can consider the merits of Alvarez's allegations in the first instance, as well as any response from the assistant prison warden.

## I.

Alvarez filed a 42 U.S.C. § 1983 suit against Akwitti, an assistant warden at the Hughes Unit in Gatesville, Texas. In his handwritten complaint, Alvarez alleged that he had received threats from "a sexually violent predator inmate" on his cell block. Because of those threats, Alvarez requested a transfer to another cell block, or even to another prison (despite the fact that, as he later explains, another prison would put him further away from his family).

In response, a committee chaired by Akwitti held a hearing. After considering the evidence presented by Alvarez, the committee denied his transfer requests.

About a month later, Alvarez was attacked by the same inmate who had previously threatened him.

Alvarez filed this suit, alleging that Akwitti violated the Eighth Amendment by deliberately failing to protect him. He sought a preliminary injunction and damages.

The district court ordered Alvarez to file a more definite statement and included a questionnaire. In response, Alvarez provided additional details about his allegations.

To begin with, Alvarez alleged that, due to security lapses, the inmate who was threatening him was able to access his cell in the middle of the night without supervision. Alvarez further contends that he provided the committee with the names of witnesses who could verify this allegation. He also alleged that he provided the committee with threatening letters "in the handwriting of the alleged . . . predator."

Alvarez further alleged that, when he first reported the inmate to prison guards, they required him to identify the inmate "in view of several dozen inmates." According to Alvarez, this "gained [him] . . . a reputation as a 'snitch' . . . at the Hughes facility," and "create[d] an obvious danger from prison gangs."

The complaint does not specifically allege that Alvarez ever actually communicated this danger to Akwitti, either before or during the hearing. But it does say that Akwitti called him a "snitch" during the hearing, suggesting that Akwitti may have known about the previous developments due to his role as assistant warden. Specifically, according to Alvarez, Akwitti told Alvarez during his hearing that he was "nothing but a 'snitch'" who was "attempting to manipulate the committee," and denied his request

No. 20-50464

for transfer.  Accordingly, Alvarez faults Akwitti for sending him back to the same cell block where he was known as a "snitch."[1]

Finally, Alvarez alleged that, during the assault, the attacker told Alvarez that he "never should have reported him."

The district court dismissed Alvarez's suit under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows district courts to dismiss an in forma pauperis complaint sua sponte if the complaint fails to state a claim on which relief may be granted.  Alvarez timely appealed.  We review such dismissals de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005).  We construe in forma pauperis complaints liberally.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.

Regarding Alvarez's claim against Akwitti in his official capacity, the district court correctly dismissed Alvarez's claim for money damages as barred by the Eleventh Amendment.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from [Texas Department of Criminal Justice] officers in their

---

[1] In addition, on appeal, Alvarez notes that, in his first prisoner grievance, he alleged that Akwitti said:  "We don't protect snitches in Hughes Unit."  The district court's failure to consider the entirety of Alvarez's allegations is a sufficient reason for us to remand, so these additional allegations play no role in our decision today.  But on remand, the district court may wish to consider granting Alvarez leave to amend in light of the additional facts he develops in his pro se brief on appeal.  *See*, *e.g.*, *Peña v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998) ("Because [Rule 12(b)(6)] dismissals [of pro se complaints] are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

official capacity") (citing *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998)).

However, we remand Alvarez's claim against Akwitti in his personal capacity. As Alvarez points out on appeal, the district court did not consider whether Alvarez had stated a valid Eighth Amendment claim by alleging that Akwitti deliberately exposed him to an excessive risk of harm by refusing his transfer request, despite the fact that Alvarez was known by other inmates as a "snitch" due to the behavior of the prison guards and that Akwitti, just three days later, presided over a hearing concerning these events.

"[A] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828. An inmate establishes an Eighth Amendment violation by showing that he was "incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were "deliberately indifferent" to his safety. *Id.* at 834. "To establish deliberate indifference, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013).

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer*, 511 U.S. at 832–33). In *Adames v. Perez*, 331 F.3d 508 (5th Cir. 2003), for example, an inmate argued that a prison official violated the Eighth Amendment by deliberately failing to protect him from his former gang after he provided information about that gang to the prison. *Id.* at 514–15. The court recognized that "an individual who divulges secret information about his gang might be a target of violence by fellow gang members." *Id.* at 514. It

No. 20-50464

ultimately held that the inmate failed to state a valid Eighth Amendment claim—but only because he could not show that the prison official *actually knew* that the gang was aware of the inmate's informant activities and was therefore in danger. *Id.* at 514. *See also Longoria*, 473 F.3d at 594 (similar).

Here, although the complaint did not specifically allege what Akwitti knew, it does allege that Akwitti called Alvarez a "snitch" and denied him a transfer for that reason. But the district court never addressed these allegations. Alvarez is entitled to have his allegations addressed by the district court in the first instance.

\* \* \*

We vacate the judgment of the district court dismissing Alvarez's suit and remand so that the court may fully consider Alvarez's allegations in the first instance, along with any response from Akwitti.