# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2021

Lyle W. Cayce
Clerk

No. 20-30264

Marion Taylor,

*Plaintiff—Appellant*,

*versus*

James M. LeBlanc; Darrel Vannoy,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-537

Before Stewart, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Marion Taylor, Louisiana prisoner # 558611, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his amended 42 U.S.C. § 1983 complaint for failure to state a claim against the two named defendants: James M. LeBlanc, the Secretary of the Louisiana Department of Corrections, and Darrel Vannoy, the Warden of the Louisiana State

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30264

Penitentiary.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). Taylor does not challenge the district court's determination that he lacked standing to raise claims on behalf of other prisoners or its refusal to exercise supplemental jurisdiction; he has therefore abandoned any such challenges. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

By moving to proceed IFP in this court, Taylor challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We review de novo the dismissal of Taylor's § 1983 complaint for failure to state a claim using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1208 (5th Cir. 2005).  "[E]ven for pro se plaintiffs, . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

As the district court correctly observed, Taylor failed to identify specifically any action that either defendant took or any policy that either implemented, which subjected Taylor to unconstitutional prison conditions. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  His conclusory allegations were not sufficient to state a claim. *See Coleman*, 858 F.3d at 309. Taylor has failed to identify any issue of arguable merit. *Howard*, 707 F.2d at 220.

Accordingly, Taylor's motions for leave to proceed IFP and to supplement his brief and the record on appeal are DENIED, and his appeal

2

No. 20-30264

is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Both the district court's dismissal of Taylor's complaint for failure to state a claim and this court's dismissal of the appeal as frivolous count as strikes for purposes of § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Additionally, the district court dismissed Taylor's complaint in a separate case for failure to state a claim. *See Taylor v. LeBlanc*, No. 17-1699, 2020 WL 4589995 (M.D. La. Aug. 10, 2020). Even though Taylor's appeal of that dismissal is currently pending, the dismissal counts as a third strike for purposes of § 1915(g). *See Coleman*, 575 U.S. at 534, 537.

Because he now has three strikes, Taylor is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.