# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 20-40255
Summary Calendar

KENNETH HOWARD KERR, III,

*Plaintiff—Appellant*,

*versus*

LORIE DAVIS,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:19-CV-198

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Kenneth Kerr, III, Texas prisoner #716805, appeals the dismissal of his 42 U.S.C. § 1983 complaint against Lorie Davis, the Director of the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), for failure to state a claim upon

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

which relief may be granted. Kerr alleged that Davis violated his rights under the Fifth and Fourteenth Amendments by refusing to allow sex offenders, like him, to take certain computer-related classes. He also moves to supplement the record. That motion is DENIED. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

We review *de novo* the dismissal of Kerr's § 1983 complaint using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1208 (5th Cir. 2005). Although "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers," such complaints must nonetheless "plead enough facts to state a claim to relief that is plausible on its face." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461–62 (5th Cir. 2010) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

There is no error in the dismissal. *See id*. With respect to Kerr's due process claim, a sex-offender's exclusion from "vocational programs while in prison does not implicate a liberty interest" for purposes of due process because those restrictions "do not impose atypical and significant hardship[s] on [the inmate] in relation to the ordinary incidents of prison life." *Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) (internal quotation marks and citation omitted). Further, insofar as Kerr asserts that the prohibition against participating in certain computer-related classes will cause him irreversible harm, his assertion is necessarily speculative and, in any event, insufficient to implicate a liberty interest. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) ("[E]ven for pro se plaintiffs, . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." (internal quotation marks and cita-

tion omitted)).

Kerr's equal protection claim likewise turns on his classification as a sex offender. A challenged classification that neither involves a suspect class nor impinges upon fundamental rights "'is accorded a strong presumption of validity.'" *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 381 (5th Cir. 2005) (quoting *Heller v. Doe*, 509 U.S. 312, 319 (1993)). Kerr's classification involves neither a suspect class nor a right or liberty protected by the Constitution. *See Stauffer v. Gearhart*, 741 F.3d 574, 585–87 (5th Cir. 2014); *Wottlin v. Fleming*, 136 F.3d 1032, 1036–37 (5th Cir. 1998). Indeed, sex offenders are not a suspect class for equal protection purposes. *Stauffer*, 741 F.3d at 587. Thus, "any classification of convicted sex offenders is only subject to a rational basis review." *Stauffer*, 741 F.3d at 587. Kerr's claim cannot survive rational basis review because he has not alleged facts that would be sufficient to show that there is no "reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller*, 509 U.S. at 320.

AFFIRMED.