# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2021

Lyle W. Cayce
Clerk

No. 19-11322
Summary Calendar

Patrick Bernard Ingram,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Lee Downing, *CSTS Administrator*; NFN NLN, *Chairman of State Classification*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1858

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Patrick Bernard Ingram, Texas prisoner # 1669001, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted pursuant to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11322

28 U.S.C. § 1915(e)(2)(B)(ii) and the district court's denial of his motion for reconsideration and to amend his complaint. His motion to proceed in forma pauperis (IFP) on appeal is denied as moot because the filing fee has been paid in full.

In his § 1983 complaint, Ingram argued that his due process and equal protection rights were violated because the presence of expunged arrest records in his parole file jeopardized his chances of receiving parole. We review de novo the dismissal of Ingram's § 1983 complaint for failure to state a claim and its denial of his motion for reconsideration and to amend for abuse of discretion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

Ingram abandons, by failing to brief, any challenge to the district court's determination that he failed to state a claim of a violation of due process because he does not have a liberty interest in parole. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Moreover, we do not consider his claim that retention of the expunged records constitutes an unconstitutional taking of property as it was raised for the first time in his objections to the magistrate judge's report recommending the denial of his motion for reconsideration and was therefore waived. *See U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 426 (5th Cir. 2014). Ingram's argument that his due process rights were violated because consideration of the expunged records violated state law did not raise a cognizable claim under § 1983. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

With respect to his conclusory equal protection claim, Ingram has not presented any facts, either to the district court or to this court, demonstrating that the defendants intentionally discriminated against him "because of membership in a protected class" or that he was "intentionally treated

2

differently from others similarly situated and that there [wa]s no rational basis for the difference in treatment." *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotation marks and citation omitted). Thus, he has shown no reversible error either with respect to the district court's dismissal of his original complaint or its denial of his motion for reconsideration. *See Trevino*, 944 F.3d at 570; *Praylor*, 430 F.3d at 1208.

To the extent that Ingram argues that his motion for reconsideration should have been reviewed de novo as timely filed objections to the magistrate judge's report recommending the dismissal of his complaint, we conclude that, even if there was such error, it was harmless as his objections were without merit. *See Stribling v. Texas*, No. 94-11153, 1995 WL 241786, at *2 (5th Cir. Apr. 12, 1995); *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992). Likewise, to the extent Ingram argues that the district court erred in deeming his objections to his motion for reconsideration as untimely, the error, if any, was harmless as those objections failed to remedy the defects in his due process and equal protection claims and because, as noted above, his new claim of an unconstitutional taking of property had been waived. *See Stribling*, 1995 WL 241786, at *2; *U.S. Bank Nat'l Ass'n*, 761 F.3d at 426.

Ingram has also abandoned any challenge to the district court's finding that the rules of permissive joinder of parties under Federal Rule of Civil Procedure 20 and the Prison Litigation Reform Act applied in connection with his motion to amend "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1). *See Cinel*, 15 F.3d at 1345. Further, although he raises facts on appeal that purport to show how his proposed Eighth Amendment claim was related to the claims raised in his original complaint, those facts were not before the district court when it ruled on his motion to amend and cannot be considered by this court. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Accordingly, he has not

shown that the district court abused its discretion in denying him leave to amend. *See Riascos*, 76 F.3d at 94. Finally, Ingram's argument that the requirement that he pay an appellate filing fee is unconstitutional is without merit. *See Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997).

Because the appeal is without arguable merit and is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), it is DISMISSED, *see* 5TH CIR. R. 42.2. The district court's dismissal of Ingram's complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ingram is WARNED that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION FOR IFP DENIED AS MOOT; SANCTION WARNING ISSUED.