# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-20032

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

John Henry Clemons, III,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin; Rocky Moore; Patrick O'Daniel; Larry
Miles; Derrelynn Perryman; E. F. Deayala; Molly
Francis; Faith Johnson; Sichan Sid; Eric Nichols;
Rodney Burrow; Miriam Gitau; Joseph Kuguma,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4052

_____

Before King, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

John Clemons, III, was convicted under Texas Board of Criminal
Justice Policy 03.91 for possessing sexually explicit images while
incarcerated. He later filed this pro se civil rights suit, raising First and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20032

Fourteenth Amendment claims.  The district court dismissed his complaint for failure to state a claim.  We affirm.

## I.

Clemons is an inmate at Wynne Unit in Huntsville, Texas.  He is thus subject to Policy 03.91 of the Uniform Inmate Correspondence Rules—a Texas Board of Criminal Justice regulation that subjects all inmate correspondence to inspection, and authorizes prison staff to reject that which contains a "sexually explicit image."

The Policy has undergone several revisions since its inception.  Clemons focuses on the August 2021 revision, which broadened the definition of "sexually explicit image."  The term now encompasses:

> material in publications, photographs, drawings, or any type of image, which depicts sexual behavior, is intended to cause sexual excitement or arousal, or shows: frontal nudity of either gender, including the exposed female breast(s) with nipple(s) or areola(s); the genitalia, anus, or buttocks, or partially covered buttocks of either gender; the discharge of bodily fluids in the context of sexual activity; or sexual behavior from any vantage point.

Shortly after this revision took effect, Wynne Unit officers confiscated about 500 photos and three magazines from Clemons because they contained images prohibited by this new definition.  A disciplinary hearing followed.  Clemons was then convicted under Policy 03.91.  He lost 10 recreation days and 10 commissary days as a result.

Clemons subsequently filed this pro se civil rights suit against several state officials (collectively, the "Officials").  He claimed that some of the confiscated items had already been approved under a prior version of the Policy and thus shouldn't have been taken post-revision.  He also claimed that the Policy is unconstitutionally overbroad, and that he was denied due

process. Clemons ultimately requested damages, a declaratory judgment, and two injunctions—one that voids Policy 03.91's revised definition of "sexually explicit image," and one that expunges his disciplinary conviction.

The district court dismissed his complaint for failure to state a claim and then denied his motion for reconsideration. Clemons appealed.

## II.

Clemons now argues that the district court erred in dismissing his constitutional claims and denying his motion for reconsideration. We review the former de novo and the latter for abuse of discretion. *Perez v. Physician Assistant Bd.*, 765 F. App'x 960, 963 (5th Cir. 2019) (per curiam). We also construe Clemons's filings liberally. *See Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (pro se); *Alvarez v. Akwitti*, 997 F.3d 211, 214 (5th Cir. 2021) (in forma pauperis).

## A.

Clemons claims that the district court erred in dismissing his First and Fourteenth Amendment claims.

To survive the Officials' motion to dismiss, Clemons's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). His factual allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* And although "[w]e hold pro se plaintiffs" like Clemons "to a more lenient standard than lawyers when analyzing complaints," he still must "plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex.*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

That said, we begin with some preliminary matters.

No. 24-20032

The district court concluded that the Officials were entitled to sovereign immunity "to the extent" Clemons sued them in their official capacity for damages. On appeal, Clemons insists that he never asserted official-capacity claims for damages. But there's no reversible error either way. If he never asserted those claims, then the district court's dismissal was immaterial; if he did assert them, then they were correctly dismissed. *See NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015) ("Federal courts are without jurisdiction over suits against . . . state official[s] in [their] official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity." (citations omitted)).

Clemons asks that we take judicial notice of "former [Policy] 03.91." But this court generally declines to consider facts or evidence "not before the district court at the time of the challenged ruling." *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). And we see no reason to deviate from that practice now. After all, we are required to accept as true Clemons's allegations that his confiscated items were approved under a former version of the Policy. *See Hernandez v. W. Tex. Treasures Est. Sales, LLC*, 79 F.4th 464, 469 (5th Cir. 2023) (requiring that we "accept all well-pleaded facts as true" at this stage). Judicial notice is unnecessary.

### 1.

Clemons argues that he pleaded a viable First Amendment claim. We disagree.

The question here is whether Policy 03.91 is "reasonably related to legitimate penological objectives," or is an "exaggerated" and thus impermissible response to those objectives. *See Prison Legal News v. Livingston*, 683 F.3d 201, 215 (5th Cir. 2012) (citation omitted).

4

This court consistently finds policies regulating sexually explicit images reasonably related to legitimate penological objectives. *See Guajardo v. Estelle*, 580 F.2d 748, 761–62 (5th Cir. 1978) (rejecting First Amendment challenge to prison regulations that limited inmate access to sexually explicit material, even if the material isn't obscene, to prevent criminal sexual behavior); *Thompson v. Patteson*, 985 F.2d 202, 205–06 (5th Cir. 1993) (same); *Stroble v. Livingston*, 538 F. App'x 479, 480 (5th Cir. 2013) (per curiam) (same); *Mills v. LeBlanc*, 2022 WL 3287961, at *1 (5th Cir. 2022) (per curiam) (same). Policy 03.91 is materially indistinguishable from these other policies. And Clemons has not shown that the August 2021 revision, which broadened the definition of "sexually explicit image," is somehow uniquely unrelated to legitimate penological objectives. He may well disagree with how Policy 03.91 now defines "sexually explicit image." *See Prison Legal News v. Ryan*, 39 F.4th 1121, 1133 (9th Cir. 2022) (holding unconstitutional a broader Arizona policy on sexually suggestive material). But that's not enough to state a First Amendment claim under our precedent. *See Thompson*, 985 F.2d at 206 (upholding Texas policy). *See also Stroble*, 538 F. App'x at 480 (noting that prison administrators have "a certain degree of discretion . . . to determine what constitutes impermissible sexually explicit material" (internal quotation marks and citation omitted)).

**2.**

Clemons next argues that he pleaded viable Fourteenth Amendment claims. Again, we disagree.

Start with his substantive due process claim. To state this claim, Clemons must allege that "the government's deprivation of a property interest was arbitrary or not reasonably related to a legitimate governmental interest." *Williams v. Tex. Tech Univ. Health Scis. Ctr.*, 6 F.3d 290, 294 (5th Cir. 1993). It's not obvious, though, that Clemons even had a property

interest in his photographs or magazines. *See Sullivan v. DeRamcy*, 460 F. App'x 374, 375 (5th Cir. 2012) (per curiam) (stating that there is no protected interest in contraband). But even if he did, he acknowledges that these items were taken pursuant to Policy 03.91. He never alleges that the Policy was inconsistently enforced. And the Policy is reasonably related to legitimate governmental interests. *See supra* Section II.A.1. Clemons has therefore failed to state a substantive due process claim.

His procedural due process claim meets the same fate. Clemons does not argue that he was denied notice or an adequate opportunity to be heard—both key components of due process. *See Zinermon v. Burch*, 494 U.S. 113, 127–28 (1990). He instead claims that he was wrongfully denied the right to determine what happened to his items after they were confiscated. But there's no indication that the Due Process Clause requires this post-deprivation remedy—especially when the confiscation was authorized by policy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (per curiam). Clemons received all the process he was due.

**B.**

Clemons lastly claims that the district court should have granted his motion for reconsideration. Yet these motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And Clemons's motion did exactly that. The district court did not abuse its discretion.

We affirm.